UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHELE L. HOMKEY, as Administrator of
the Estate of James E. Homkey,

                 Plaintiff,

  -v-                                           1:17-CV-25

ALEXANDRO PEREZ; PERFORMANCE
FOOD GROUP; PERFORMANCE TRANSPORT,
LLC; and PERFORMANCE FOODSERVICE,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                  OF COUNSEL:

ABDELLA LAW OFFICES                ROBERT ABDELLA, ESQ.
Attorneys for Plaintiff
P.O. Box 673
8 West Fulton Street
Gloversville, NY 12078

CARTER, CONBOY, CASE, BLACKMORE,    WILLIAM J. DECAIRE, ESQ.
   MALONEY & LAIRD, P.C.               BRIENNA L. CHRISTIANO, ESQ.
Attorneys for Defendants
20 Corporate Woods Boulevard
Albany, NY 12211

DAVID N. HURD
United States District Judge

## DECISION and ORDER

     Plaintiff Michele L. Homkey, as Administrator of the Estate of James E. Homkey

("Homkey" or "plaintiff") filed this action on January 10, 2017, in New York State Supreme

Court, Montgomery County against defendants Alexandro Perez, Performance Food Group,

Performance Transport, LLC, and Performance Foodservice (collectively "defendants"). Defendants removed the action to this court. This suit arises out of a motor vehicle accident which occurred on October 10, 2016 near Canajoharie, New York. Plaintiff alleges that defendants' negligent and reckless conduct caused the death of her husband, decedent James E. Homkey.

Trial is scheduled for Monday, May 7, 2018, in Utica, New York. Defendants have now filed two motions in limine for various pre-trial rulings. Plaintiff filed an opposition and the motions were considered on their submissions.

Defendants move to exclude the following evidence: (1) allegedly gruesome and inflammatory photographs included in decedent's autopsy report; (2) damage claims not properly disclosed in discovery, (3) traffic citations issued to defendant Alexandro Perez subsequent to the subject motor vehicle accident, and (4) testimony from undisclosed witnesses at trial.

Plaintiff opposes the prohibition of the photographs to the extent that none have yet been offered and the decision should be made at the time of proffer during trial. She opposes the preclusion of certain damages claims and witnesses but does not oppose the motion in limine regarding the traffic citations.

First, any request to preclude the photographs is premature. They will be admissible at trial subject to the laying of a proper foundation and a weighing of the relevance versus the prejudicial effect under Federal Rule of Evidence 403. Defendants' request to preclude the autopsy photographs at this time will be denied without prejudice to renew at the time of trial.

Second, the belatedly disclosed damages claim will be permitted. The pecuniary loss plaintiff is claiming flows naturally from the decedent's death. Defendants were on notice to

fully explore the subject during discovery and adequately prepare for trial. Defendants' request to preclude the supplemental damages claim will be denied.

Third, plaintiff agrees that such traffic citation are not admissible and accordingly, defendants' request to preclude same will be denied as moot.

Finally, defendants seek to preclude witnesses Terry Dygert, Paul Outtekirk, and Amy Kretser due to plaintiff's late disclosure of these witnesses. None of these people were eye witnesses to the accident; Dygert and Outtekirk will offer background information on the decedent's work and volunteer history while Kretser is the custodian of decedent's employer's payroll records. While plaintiff concedes her late disclosure, defendants have not established that they have suffered or will suffer prejudice by reason of the late disclosures. Therefore, defendants' motion to preclude these witnesses will be denied.

Therefore, it is

ORDERED that

1. Defendants' first motion in limine (ECF No. 57) is DENIED;

2. The request to exclude the subject photographs is DENIED without prejudice to renew at trial; the request to preclude the additional damages claim is DENIED; and the request to preclude the subject traffic citation(s) is DENIED as moot; and

3. Defendants' second motion in limine (ECF No. 62) to preclude three belatedly disclosed witnesses is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: May 3, 2018
       Utica, New York.